BENJAMIN B. WAGNER
United States Attorney
E. ROBERT WRIGHT (SBN 51861)
CATHERINE J. SWANN
Assistant U.S. Attorneys
United States Courthouse
501 "I" Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Of Counsel:

JEFF MOULTON
Regional Attorney
RACHEL A. BIRKEY
Attorney
Office of the General Counsel
United States Department of Agriculture
33 New Montgomery Street, 17th Floor
San Francisco, California 94105
Telephone: (415) 744-3011
Facsimile: (415) 744-3170

Attorneys for Plaintiff United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:09-cv-02868-JAM-JFM |
| Plaintiff, | **JOINT STATUS REPORT** |
| v. | |
| PACIFIC GAS AND ELECTRIC COMPANY, and DAVEY TREE SURGERY COMPANY, | |
| Defendants. | |

Pursuant to this Court's Order requiring Joint Status Report, the parties submit the following report:

///

///

///

**(a) The nature of the case:**

*(1) Plaintiff's Contentions*

Plaintiff alleges that the defendants negligently caused the "Fred's Fire" which ignited on October 13, 2004, on the north side of Highway 50 near Kyburz, California, in El Dorado County. That day was a Red Flag warning day, meaning that the fire danger was extreme and that appropriate care must be taken during logging operations, including removal of all "hazard" trees. A "hazard" tree is one that might contact a power line from the side or fall on the line. A Davey Tree crew was removing hazard trees pursuant to a contract with PG&E. Plaintiff contends that the crew failed to rope the tree, or leave "holding wood," which may have allowed the crew to control the direction of the fall of the tree. The subject tree fell onto an energized power line. The power line, now in contact with ground vegetation, ignited the fire.

The Fred's Fire burned approximately 7,513 acres, including 4,373 acres of National Forest System lands in the Eldorado National Forest. It took five days, 1,000 firefighters and other personnel, and equipment including three helicopters and six air tankers to finally extinguish the Fred's Fire.

The United States seeks recovery of fire suppression costs and resource damages resulting from the Fred's Fire. Allegations include strict liability against PG&E under an easement for the power lines, as well as negligence and negligence per se against both defendants. This action is brought under both Federal and California law including California Heath and Safety Code sections 13007 - 13009.1.

*(2) Defendants' Contentions*

At the time of Freds Fire, Davey Tree Surgery had a contract with PG&E to perform vegetation management around PG&E power lines in several places in Northern California, including portions of the Eldorado National Forest in El Dorado County. On October 13, 2004, Davey's employees were performing the removal and trimming of a "hazard tree" and other vegetation pursuant to its tree trimming contract with PG&E. As Davey alleged in its answer to plaintiff's complaint, certain acts or omissions by Davey's employees led to the ignition of the Freds Fire. Davey has further alleged that those acts and decisions were inconsistent with standards of care applicable to the work being performed for Davey at that particular time under those specific circumstances. Defendant PG&E does not contest Davey's allegations in that respect. Plaintiff and defendants are currently exploring

2

potential stipulations which may eliminate the need for discovery or trial of issues related to the cause of the fire.

However, regardless of the results of those discussions, damages issues for both discovery and trial will be extensive and complex. Defendants are informed that plaintiff's damage claims will likely exceed $20 million. Those claims include a wide variety of relatively unique and complex damage items, including fire suppression costs, lost timber, reforestation costs, restoration costs, environmental and habitat damages and loss of public resources. Defendants contest the legal validity of some of plaintiff's claims, the admissibility of expert opinion testimony as to certain methodologies and the extent and scope of plaintiff's claimed damages.

**(b)  Progress in the service of process:**

Defendants were served with the summons and complaint and have answered the complaint.

**(c)  Possible joinder of additional parties:**

None anticipated at this time.

**(d)  Any expected or desired amendment of pleadings:**

None anticipated at this time.

**(e)  Jurisdiction and venue:**

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(e).

**(f)  Anticipated motions and the scheduling of motions:**

The parties do not anticipate motions at this time.

**(g)  Anticipated discovery and the scheduling of discovery, including:**

> *(1)  What changes, if any, should be made in the timing, form, or requirement for disclosure under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;*

Initial disclosures in accordance with Federal Rules of Civil Procedure 26(a) will be made by all parties by January 20, 2010.

///

///

///

*(2) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;*

Plaintiff intends to conduct discovery on the actions of defendants' employees concerning the events of October 13, 2004, and concerning defendants' policies, rules, procedures, supervision, and training concerning: tree felling near power lines, hazard tree removal, vegetation management, and fire prevention, suppression, and notification. Defendants are hopeful that the parties can agree to a stipulation that would make plaintiff's intended discovery unnecessary.

Given defendants' responses to the liability allegations contained in plaintiff's complaint, defendants do not believe liability discovery will be necessary. However, the complexity and unique character of plaintiff's damages claims will require extensive discovery. This discovery will include, but not be limited to, document and deposition discovery regarding the following issues:

- Plaintiff's land and forest management practices generally and with respect to the Eldorado National Forest in particular;
- Plaintiff's fire management and fuel treatment policies and practices generally and with respect to the Eldorado National Forest in particular;
- Plaintiff's environmental management practices and policies generally and with respect to the Eldorado National Forest in particular;
- Environmental restrictions applicable to logging and harvesting on Government lands in the Eldorado National Forest;
- The fire ecology of the Eldorado National Forest;
- Studies pertaining to the wildlife and habitat of the Eldorado National Forest, both before and after the Freds Fire;
- The public resources and services provided by the Eldorado National Forest, both before and after the Freds Fire;
- Salvage harvest practices and policies pertaining to harvests conducted by the Government after the Freds Fire;
- Surveys regarding tree species, diameters and densities on Government lands in the Eldorado National Forest, both before and after the Freds Fire;

- Burn severity characteristics within the damaged areas of Government lands in the Eldorado National Forest following the Freds Fire;
- Plaintiff's fire-fighting activities and resources devoted to fighting the Freds Fire;
- Fire-fighting activities and resources performed or provided by any State or local agencies which may have assisted in fighting the Freds Fire;
- Plaintiff's policies and practices for collecting fire suppression costs;
- The methodology employed by the Government in collecting fire suppression costs;
- The reasonableness and appropriateness of fire suppression costs incurred in fighting the Freds Fire; and
- Principles of cost accounting employed by the Government in calculating its recoverable fire suppression costs.

Defendants anticipate that discovery regarding the above-listed subjects, and others as may arise during the course of this litigation, will prove to be technical, complex and fact-intensive. Analyzing the results of that discovery will also require experts from several different disciplines, such as fire ecology, biology, forestry, GIS mapping, fire behavior, cost accounting and wildland firefighting.

A proposed pretrial schedule is set forth below and the parties jointly propose that non-expert discovery be concluded by July 2, 2010 and expert discovery be concluded by October 4, 2010.

*(3) What changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed;*

The parties jointly request that the scheduling order allow depositions without regard to the 10-deposition limit, because the number of non-expert and expert witnesses is currently unknown.

Defendants separately request that the scheduling order allow depositions to exceed the time allotted by Federal Rules of Civil Procedure 30(d)(1) to provide additional time to fairly examine the witnesses on areas which may involve thousands of documents and which are scientifically technical and complex. For example, experts in habitat and environmental harm will likely generate extremely

complex mathematical models depicting resource units lost as a result of the fire, scenarios for replacing those lost resource units with different types of resources, studies of the flora and fauna of the Eldorado National Forest, calculations of environmental gains resulting from the fire and various other variables common to what is largely untested, cutting-edge opinion testimony. By way of another example, determining the value of damaged or destroyed trees involves over 30 variables applying to each individual species in areas with widely varying burn intensities, growth rates, and non-fire-related mortality rates. Defendants contend that Due Process would not be served by limiting them to a single day of deposition for any witness at this juncture – particularly given that plaintiff seeks tens of millions of dollars in damages.

Plaintiff opposes this request. One day of seven hours is far more than adequate for depositions in this case. There is a standard format for expert depositions to elicit opinions, bases for the opinion, and the work that was done. The expert depositions should be completed in one or two hours. Plaintiff proposes that if the defendants claim they need more than one day of seven hours after deposition has been taken, defendants could propose a stipulation or order allowing more time and if the matter is not stipulated to, seek additional time under Rule 30(d)(1). Plaintiff opposes a blanket elimination of the one day of seven hours rule for depositions in this case.

The parties anticipate staying within the following limitations as to the total number of non-expert depositions, but if additional discovery is needed, they will attempt to stipulate to additional discovery with the approval of the Court. None of the parties waive any rights they may have to seek additional discovery or a protective order:

      a)    Depositions (excluding experts) by:

           Plaintiff: 30

           Both Defendants: 30 (total)

*(4)    The timing of the disclosure of expert witnesses and information required by Rule 26(a)(2);*

The parties propose that expert disclosures take place by August 16, 2010 and that rebuttal experts be disclosed by September 6, 2010.

///

**(h)  Future proceedings, including setting appropriate cut-off dates for discovery, law and motion, and the scheduling of pretrial and trial;**

The parties propose the following schedule:

    July 2, 2010 – Deadline for completing non-expert discovery;

    October 4, 2010 – Deadline for completing expert discovery;

    December 6, 2010 – Deadline for hearing dispositive motions;

    January 3, 2011 (or as soon thereafter as the Court's calendar will accommodate) -- Deadline for hearing dispositive motions; and

    March 7, 2011 (or as soon thereafter as the Court's calendar will accommodate) -- Trial.

**(i)  Appropriateness of special procedures;**

Not applicable at this time.

**(j)  Estimate of trial time;**

Plaintiff estimates a 12-day trial. Defendant estimates an 18-day trial. Plaintiff has requested a jury trial.

**(k)  Modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action or proceedings;**

Not applicable at this time.

**(l)  Whether the case is related to any other case, including any matters in bankruptcy;**

There are no other pending or related cases in this court or in an California state court.

**(m)  Whether a settlement conference should be scheduled;**

The parties do not request that a settlement conference be scheduled at this time but remain amendable to such a conference after discovery has commenced.

///
///
///
///
///
///

**(n) Any other matters that may add to the just and expeditious disposition of this matter**:

None apparent at this time.

**BENJAMIN B. WAGNER**
**UNITED STATES ATTORNEY**

Date: December 18, 2009     By:     \s\ E. Robert Wright
                                    E. ROBERT WRIGHT
                                    CATHERINE J. SWANN
                                    Assistant United States Attorneys
                                    Attorneys for Plaintiff,
                                    UNITED STATES OF AMERICA

**CARLSON, CALLADINE & PETERSON LLP**

Date: December 18, 2009     By:     \s\ Randy W. Gimple
                                    RANDY W. GIMPLE, Esq.
                                    A. DAVID BONA, Esq.
                                    Attorneys for Defendant,
                                    DAVEY TREE SURGERY COMPANY

**NIXON PEABODY LLP**

Date: December 18, 2009     By:     \s\ Robert M. Blum
                                    ROBERT M. BLUM, Esq.
                                    HAILEY R. HIBLER, Esq.
                                    Attorneys for Defendants,
                                    DAVEY TREE SURGERY COMPANY and
                                    PACIFIC GAS AND ELECTRIC COMPANY