BENJAMIN B. WAGNER
United States Attorney
E. ROBERT WRIGHT (SBN 51861)
CATHERINE J. SWANN
Assistant United States Attorneys
United States Courthouse
501 "I" Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Of Counsel:

JEFF MOULTON
Regional Attorney
RACHEL A. BIRKEY
Attorney
Office of the General Counsel
United States Department of Agriculture
33 New Montgomery Street, 17th Floor
San Francisco, California 94105
Telephone: (415) 744-3011
Facsimile: (415) 744-3170

Attorneys for Plaintiff United States of America

**FILED**

JUL 1 2 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
          DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:09-cv-02868-JAM-JFM |
| Plaintiff, | [~~Proposed~~] ORDER GRANTING IN PART AND DENYING IN PART INTERLOCUTORY SUMMARY JUDGMENT ON LIABILITY FOR PLAINTIFF UNITED STATES |
| v. | |
| PACIFIC GAS AND ELECTRIC COMPANY, and DAVEY TREE SURGERY COMPANY, | |
| Defendants. | |

///
///
///
///

**ORDER**

This cause came on to be heard on the motion of Plaintiff United States for Interlocutory Summary Judgment on Liability pursuant to Rule 56(d)(2) of the Federal Rules of Civil Procedure, establishing that the Defendants are liable to the Plaintiff on the claims asserted in this action, and reserving the issue of the amount of damages to be awarded for trial.

The Court has reviewed the papers submitted on the motion, has considered the affidavit and other evidence presented, and heard the arguments of counsel. Therefore, the Court finds and orders as follows:

In this action the United States as Plaintiff seeks damages from Defendants Davey Tree Surgery Company ("Davey Tree") and Pacific Gas and Electric Company ("PG&E") for damages to National Forest lands in the Eldorado National Forest resulting from the "Fred's Fire." Davey Tree had been contracted by PG&E to remove trees designated as hazard trees near a PG&E power line. The Fred's Fire ignited on October 13, 2004 when a hazard tree being felled by Davey Tree fell onto instead of away from PG&E's energized power line. The energized power line was knocked down and caused the fire.

Every one of the twenty-three undisputed facts set forth in Plaintiff's Statement of Undisputed Facts ("SUF") was undisputed by Defendants. The Court finds these undisputed facts to be established, as follows:

1.   On October 13, 2004, the fire ignited on National Forest System lands near Kyburz, California adjacent to or under a PG&E 21,000 volt (21 kV) power transmission line on or near the transmission line easement, within the Eldorado National Forest.

2.   PG&E contracted with Davey Tree for vegetation management services.

3.   On the day of the fire, Davey Tree and its employees were performing removal and trimming of designated "hazard" trees as tree trimming contractor for PG&E.

4.   On the day of the fire, Davey Tree employees were acting within the course and scope of their employment.

5.   The fire ignited during Davey Tree employees' removal of a "hazard" tree between about 4:00 p.m. and 5:00 p.m.

6. The subject tree had been designated a "hazard" tree meaning that it may contact the power line from the side or fall on the power line.

7. PG&E gave Davey Tree a work request, which is a written description of how to get to the "hazard" tree and a description of the tree. A different contractor for PG&E, an inspection contractor, marked the trees for removal by either a painted red "X" or by tying red flagging on the tree. At the time of the fire, Davey Tree had been working under a contract with PG&E to do tree removals near the PG&E power line.

8. About 4:20 p.m. on October 13, 2004, a large tree the Davey Tree employees were cutting fell the opposite way it was intended to fall and it landed on the PG&E power lines causing them to break.

9. Davey Tree employees made cuts in the tree which then sat back on the wedges. The tree was probably heavy on one side and Davey Tree employees misjudged it.

10. The Davey Tree employees should have brought the rope from their truck to be able to guide the direction of the fall of the tree, but had not done so. It was Davey Tree policy to rope all trees but the Davey Tree employees made a "mistake" and did not rope this tree. Davey Tree employees went to the truck to get the rope, but in the meantime the tree fell onto the power line.

11. The Davey Tree employees had cut through the holding wood which allowed the tree to fall in an uncontrolled manner.

12. October 13, 2004 was a Red Flag warning day in the area where the fire ignited. The term means that dangerous combinations of temperature, relative humidity, and/or wind are forecasted and it alerts users to an ongoing or imminent critical fire weather pattern.

13. The tree knocked the energized power line to the ground causing the fire. Davey Tree employees saw the fire within 5 or 10 minutes and by then the Davey Tree foreman, Jose Huanaco, said it was out of control and too big for them to fight.

14. This was a large tree, about 40 inches in stump diameter and 128 feet tall. The investigating Forest Service agent, Donna Deaton, found the tree lying on top of the PG&E power lines.

15.  Acts or omissions of Davey Tree employees during the hazard tree removal led to the ignition of the fire.

16.  Acts and decisions of Davey Tree employees during the "hazard" tree removal were inconsistent with the standards of care applicable to the work being performed for Davey Tree under the specific circumstances in the particular time of the hazard tree removal.

17.  Pursuant to the statement in PG&E's Initial Disclosures: "this action should be focused on damages only . . . ."

18.  Pursuant to the statement in Davey Tree's Initial Disclosures: "Given the admissions made by . . . Davey . . . in its Answer to Complaint liability issues are not in controversy. Davey's disclosure therefore is directed only to Plaintiff . . . alleged damages."

19.  Attached to the complaint as Exhibit 1 is a copy of the October 16, 1959, 50-year easement ("the easement") granting PG&E right-of-way for the subject transmission line on National Forest lands.

20.  PG&E's easement requires it to "remove all dead snags and all trees leaning toward the line, which are deemed hazardous or might fall in contact with the line; . . ."

21.  The easement requires:

> The Grantee [PG&E] shall do everything reasonably within its power and shall require its employees, contractors, and employees of contractors to do everything reasonably within their power . . . To prevent and suppress fires on or near the lands to be occupied under the easement. The Grantee [PG&E] shall pay the United States the suppression costs and damages resulting from fires caused by the construction or maintenance of the transmission line authorized by this easement.

///
///
///
///

4

[Proposed] ORDER GRANTING IN PART AND DENYING IN PART
INTERLOCUTORY SUMMARY JUDGMENT ON LIABILITY FOR PLAINTIFF UNITED STATES

Case 2:09-cv-02868-JAM-JFM   Document 29   Filed 07/09/10   Page 5 of 10

22. The easement provides that:

> The Grantee [PG&E] shall be liable for injury to, or destruction of any buildings, bridges, roads, trails, lands, or other property of the United States, occasioned by the construction, operation, or maintenance of the project works, or of the works appurtenant or necessary thereto.

23. The fire spread to over 7,500 acres, damaging over 4,500 acres of National Forest System lands, before it could be suppressed.

On April 19, 2010, the United States filed its motion for Interlocutory Summary Judgment on Liability pursuant to Federal Rules of Civil Procedure, Rule 56(d)(2). On June 2, 2010, Davey Tree filed its Statement Regarding Non-Opposition to the motion and PG&E filed a Memorandum of Points and Authorities in Partial Opposition to the motion. In its Partial Opposition PG&E conceded it is vicariously liable to the United States for the negligence of Davey Tree. The United States filed a Reply Memorandum of Points and Authorities in support of its motion on June 9, 2010.

The motion was heard on June 16, 2010. All parties appeared through counsel at the hearing. PG&E was represented by Michael Weinstein, Davey Tree was represented by Randy Gimple and Robert Blum, and the United States was represented by E. Robert Wright.

At the hearing, Davey Tree confirmed through counsel it had not opposed the motion in any way. By its Non-Opposition to the motion, Davey Tree admits liability on the claims alleged against it in the complaint as follows: Third Claim (negligence), Fourth Claim (liability under California's Fire Liability statutes including Health and Safety Code section 13007), Fifth Claim (negligence per se), and Sixth Claim (trespass by fire). The Court will grant interlocutory Summary Judgment on the issue of liability in favor of the United States and against Davey Tree on the Third, Fourth, Fifth, and Sixth Claims.

The motion was argued by the United States and PG&E through counsel as to the issues disputed by PG&E's Partial Opposition.

///

PG&E in its Partial Opposition to the motion, admits vicarious liability for the Third Claim (negligence), Fourth Claim (liability under California's Fire Liability statutes including Health and Safety Code section 13007), Fifth Claim (negligence per se), and Sixth Claim (trespass by fire). The Court will grant Interlocutory Summary Judgment on the issue of vicarious liability in favor of the United States and against PG&E on the Third, Fourth, Fifth, and Sixth claims.

Plaintiff United States is also seeking an order establishing direct liability against PG&E on its First Claim (strict contractual liability), Second Claim (breach of easement), Fourth Claim (liability under California's Fire Liability statutes including Health and Safety Code section 13007), and Fifth Claim (negligence per se) of the complaint. At the hearing, the United States conceded that it is not seeking an order establishing direct liability against PG&E on the Third Claim (negligence) or Sixth Claim (trespass by fire) of the complaint. PG&E argues that the United States is not entitled to an interlocutory summary judgment order establishing direct liability against PG&E on the First, Second, Fourth, and Fifth Claim of the complaint.

The issues disputed between PG&E and the United States were whether PG&E was strictly liable for the fire under an easement, which is the First Claim in the complaint, whether PG&E was liable for breach of easement under the Second Claim, whether PG&E was liable without regard to vicarious liability under the Fourth Claim pursuant to California Health and Safety Code section 13007, and whether PG&E was liable without regard to vicarious liability under the Fifth Claim pursuant to California Public Resources Code section 4293.

**LIABILITY AGAINST PG&E UNDER THE EASEMENT**

**The First Claim Under The Easement**

The First Claim seeks to establish strict contractual liability in favor of the United States against PG&E. Pursuant to an easement of October 16, 1959, the United States through the United States Department of Agriculture, Forest Service ("Forest Service") granted PG&E right-of-way for the subject transmission line. (Docket Number 23, SUF 19.)

Article 13 of the easement provides:

///

1 | The Grantee shall be liable for injury to, or destruction of any
2 | buildings, bridges, roads, trails, lands, or other property of the
3 | United States, occasioned by the construction, operation, or
4 | maintenance of the project works, or of the works appurtenant or
5 | necessary thereto. Arrangements to meet such liability, either by
6 | compensation for such injury or destruction, reconstruction or
7 | repair of damaged property, or otherwise, shall be made with the
8 | appropriate department or agency of the United States.
9 | Article 18 provides:
10 | The Grantee shall do everything reasonably within its power and
11 | shall require its employees, contractors, and employees of
12 | contractors to do everything reasonably within their power, both
13 | independently and upon request of officers of the Forest Service,
14 | or other agents of the United States, to prevent and suppress fires
15 | on or near the lands to be occupied under this easement. The
16 | Grantee shall pay the United States the suppression costs and
17 | damages resulting from fires caused by the construction or
18 | maintenance of the transmission line authorized by this easement.
19 | The United States contends Articles 13 and 18 created strict contractual liability-liability
20 | without fault-on the part of PG&E for damages caused by the fire. PG&E argues that these
21 | Articles are ambiguous and do not create strict contractual liability. It is undisputed that the
22 | work performed by Davey Tree involved maintenance of project works under the easement.
23 | This Court finds that Articles 13 and 18 create strict contractual liability in favor of the
24 | United States and against PG&E under the plain, clear language of the Articles and also based
25 | upon the prior decision in this District in *United States v. Southern California Edison Co.*, 300 F.
26 | Supp. 2d 964, 978, 987-990 (E.D. Cal. 2004) (Wanger, J.), in which provisions pertaining to
27 | liability for power project works in Federal Energy Regulatory Commission (FERC) licenses,
28 | ///

almost identical to Articles 13 and 18, were construed to create liability without fault by the Court. There is no ambiguity whatsoever in these two Articles.

**The Second Claim Under The Easement**

The Second Claim seeks to establish liability in favor of the United States against PG&E for breach of easement provisions. Article 18 of the easement provides that the Grantee, PG&E, "shall pay the United States the suppression costs and damages resulting from fires caused by the construction or maintenance of the transmission line authorized by this easement." Article 13 of the easement provides that the Grantee "shall be liable for injury to, or destruction of any buildings, bridges, roads, trails, lands, or other property of the United States, occasioned by the construction, operation, or maintenance of the project works, or of the works appurtenant or necessary thereto." These easement provisions make clear that PG&E is liable for damages resulting from the fire and, therefore, the Court finds that PG&E is liable to the United States under the Second Claim. The amount of damages for which PG&E is liable has not yet been determined.

**LIABILITY AGAINST PG&E UNDER CALIFORNIA'S FIRE LIABILITY STATUTES INCLUDING HEALTH AND SAFETY CODE SECTION 13007**

The Fourth Claim seeks liability against PG&E under the Fire Liability statutes, specifically Health & Safety Code section 13007. Section 13007 provides:

> Any person who personally or through another wilfully, negligently, or in violation of law, sets fire to, allows fire to be set to, or allows a fire kindled or attended by him to escape to, the property of another, whether privately or publicly owned, is liable to the owner of such property for any damages to the property caused by the fire.

The United States contends the "personally or through another" language means PG&E is liable for setting the fire through its contractor, Davey Tree. PG&E contends the statute is ambiguous. The language of the statute is clear, there is no ambiguity, and in this case the "or

///

[Proposed] ORDER GRANTING IN PART AND DENYING IN PART
INTERLOCUTORY SUMMARY JUDGMENT ON LIABILITY FOR PLAINTIFF UNITED STATES

1  through another" was Davey Tree which was working as PG&E's contractor. The Court finds
2  that PG&E is liable to the United States under the Fourth Claim.

### NO DIRECT LIABILITY AGAINST PG&E FOR NEGLIGENCE PER SE FOR BREACH OF PUBLIC RESOURCES CODE SECTION 4293

The Fifth Claim seeks liability against PG&E for negligence per se for violation of Public Resources Code section 4293. Section 4293 provides in part:

> Dead trees, old decadent or rotten trees, trees weakened by decay or disease and trees or portions thereof that are leaning toward the line which may contact the line from the side or may fall on the line shall be felled, cut, or trimmed so as to remove such hazard.

The United States contends that section 4293 was violated as a result of the fact that the tree Davey Tree was attempting to remove fell onto the power lines. The Court finds on this motion that PG&E did not violate the statutory duty owed under Public Resources Code section 4293.

Accordingly, **IT IS HEREBY ORDERED** that plaintiff United States is granted and denied Interlocutory Summary Judgment as follows:

1) Interlocutory Summary Judgment is **GRANTED** in favor of the United States against Davey Tree establishing liability on the Third Claim (negligence), Fourth Claim (liability under California's Fire Liability statutes including Health and Safety Code section 13007), Fifth Claim (negligence per se), and Sixth Claim (trespass by fire) of the complaint;

2) Interlocutory Summary Judgment is **GRANTED** in favor of the United States against PG&E establishing vicarious liability against PG&E on the Third Claim (negligence), Fourth Claim (liability under California's Fire Liability statutes including Health and Safety Code section 13007), Fifth Claim (negligence per se), and Sixth Claim (trespass by fire) of the complaint;

///
///

3) Interlocutory Summary Judgment is **GRANTED** in favor of the United States against PG&E establishing direct liability on the First Claim (strict contractual liability under an easement), direct liability on the Second Claim (breach of easement provisions), and liability on the Fourth Claim (liability under California's Fire Liability statutes including Health and Safety Code section 13007) of the complaint.

4) Interlocutory Summary Judgment is **DENIED** against PG&E as to direct liability on the Fifth Claim (negligence per se) of the complaint.

**IT IS HEREBY FURTHER ORDERED** that liability is now established by Interlocutory Summary Judgment and that at trial the sole question for determination will be the amount of damages.

**IT IS SO ORDERED.**

DATED: 7-12-2010

THE HONORABLE JOHN A. MENDEZ
United States District Judge

I HAVE REVIEWED THIS PROPOSED
ORDER AND APPROVE IT AS TO FORM ONLY:

/s/ Michael R. Weinstein
MICHAEL R. WEINSTEIN, Esq.
Attorney for Pacific Gas and Electric Company

I HAVE REVIEWED THIS PROPOSED
ORDER AND APPROVE IT AS TO FORM ONLY:

/s/ Randy W. Gimple
RANDY W. GIMPLE, Esq.
A. DAVID BONA, Esq.
Attorneys for Davey Tree Surgery Company

I HAVE REVIEWED THIS PROPOSED
ORDER AND APPROVE IT AS TO FORM ONLY:

/s/ Robert M. Blum
ROBERT M. BLUM, Esq.
HAILEY R. HIBLER, Esq.
Attorneys for Davey Tree Surgery Company