RANDY W. GIMPLE [Bar No.: 129705]
A.DAVID BONA [Bar No.: 209605]
BRITTANY DEJONG [Bar No.: 258766]
CARLSON, CALLADINE & PETERSON LLP
353 Sacramento Street, 16th Floor
San Francisco, California 94111
Telephone:     (415) 391-3911
Facsimile:      (415) 391-3898
Attorneys for Defendant
DAVEY TREE SURGERY COMPANY

ROBERT M. BLUM [Bar No. 083302]
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, California 94111
Telephone:     (415) 984-8200
Facsimile:      (415) 984-8300
Attorneys for Defendant
DAVEY TREE SURGERY COMPANY

MICHAEL R. WEINSTEIN [Bar No. 106464]
LAW OFFICES OF FERRIS & BRITTON, APC
401 West A Street, Suite 1600
San Diego, CA 92101-7906
Telephone: (619)233-3131
Facsimile: (619) 232-9316
Attorneys for Defendant
PACIFIC GAS & ELECTRIC COMPANY

BENJAMIN B. WAGNER
United States Attorney
GLEN F. DORGAN
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California  93721
Telephone:     (559) 497-4080
Facsimile:      (559) 497-4099
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:09-cv-02868-JAM-JFM |
| Plaintiff, | |
| vs. | **STIPULATION AND ORDER *IN LIMINE*** |
| PACIFIC GAS & ELECTRIC COMPANY, DAVEY TREE SURGERY COMPANY, and THE DAVEY TREE EXPERT COMPANY, | |
| Defendants. | |

PDF created with pdfFactory trial version www.pdffactory.com

IT IS HEREBY STIPULATED that

1. The following facts are undisputed.

   a. On October 13, 2004, the Freds Fire ignited on National Forest System lands near Kyburz, California adjacent to or under a PG&E 21,000 volt (21 KV) power line on or near the transmission line easement, within the Eldorado National Forest.

   b. PG&E contracted with Davey Tree for vegetation management services.

   c. On the day of the fire, Davey Tree and its employees were performing removal and trimming of designated trees as vegetation management contractor for PG&E.

   d. The fire ignited during Davey Tree employee's removal of a tree between about 4:00 p.m. and 5:00 p.m.

   e. About 4:20 p.m. on October 13, 2004, a large tree the Davey Tree employees were cutting fell the opposite way it was intended to fall and it landed on the PG&E power lines causing them to break.

   f. The tree knocked the energized power line to the ground causing the fire.

   g. Acts or omissions of Davey Tree employees during the tree removal led to the ignition of the fire.

2. The only evidence or argument before the jury regarding the cause of Freds Fire, Defendants' liability for Freds Fire, Pacific Gas & Electric Co.'s delegation of vegetation management work to Davey, the qualifications and/or training of Davey employees and the conduct of Davey employees on the day of the fire shall be the above-listed facts and the undisputed facts contained in the pretrial conference order.

3. Plaintiff hereby withdraws any claim to prejudgment interest under California Civil Code section 3288, which provides that the jury has discretion to award prejudgment interest. The parties stipulate that Plaintiff's right to recover prejudgment interest, if such a right exists, shall be decided by the Court after the jury reaches a verdict. All evidence and argument concerning any claim or alleged right of Plaintiff to recover prejudgment interest, any loss by Plaintiff with respect to the time-value of income, and any claim or alleged right to recover statutory or regulatory penalties will be presented to the court outside the presence of the jury.

PDF created with pdfFactory trial version www.pdffactory.com

4.      Plaintiff's claimed right to recover double damages for timber pursuant to California Civil Code section 3346, which Defendants dispute, is a legal issue and shall be decided by the court after the jury returns a verdict. All evidence or argument regarding any claim or alleged right of Plaintiff to recover any multiplier on the value of trees shall be excluded in the presence of the jury.

Based upon the parties' foregoing stipulation, IT IS HEREBY ORDERED

Plaintiff's requested *Motion in Limine* No. 1 to admit as established those facts identified by the Court as material and undisputed in the order granting Plaintiff's interlocutory summary judgment motion is granted in part. The foregoing stipulated facts (a) through (g) are deemed established. All other facts identified as material and undisputed in the order granting Plaintiff's interlocutory summary judgment motion are excluded.

Plaintiffs requested *Motion in Limine* No. 9 to exclude any evidence or argument concerning Plaintiff's interest claim to the extent such claim rests with the discretion of the Court is granted pursuant to the foregoing stipulations regarding prejudgment interest.

Defendants' *Motion in Limine No. 1* to exclude all evidence or argument regarding the cause of the fire is granted in part. The foregoing stipulated facts (a) through (g) and the undisputed facts contained in the pretrial conference order are admissible. All other evidence or argument regarding the cause of the fire shall be excluded.

Defendants' *Motion in Limine* No. 2 to exclude all evidence or argument regarding PG&E delegating vegetation management work to Davey, the qualifications and/or training of Davey employees, or the conduct of Davey employees on the day of the fire is granted in part. The foregoing stipulated facts (a) through (g) and the undisputed facts contained in the pretrial conference order are admissible. All other evidence or argument regarding PG&E delegating vegetation management work to Davey, the qualifications and/or training of Davey employees, or the conduct of Davey employees on the day of the fire shall be excluded.

PDF created with pdfFactory trial version www.pdffactory.com

Defendants' *Motion in Limine* No. 4 to exclude all evidence or argument regarding the heroism of any firefighters or agencies who or which attempted to suppress the fire is stipulated to by the parties and hereby granted.

Defendants' *Motion in Limine* No. 8 to exclude all evidence or argument regarding any other fires allegedly or actually caused by any defendant is stipulated to by the parties and hereby granted.

Defendants' *Motion in Limine* No. 11 to exclude all evidence or argument regarding any alleged reduction in public visitation or use of the Eldorado National Forest as a result of the fire is stipulated to by the parties and hereby granted.  The parties further stipulate that all evidence regarding any increase in public visitation or use of the Eldorado National Forest as a result of the fire shall also be excluded.

Defendants' *Motion in Limine* No. 12 to exclude all evidence or argument regarding any damage to "Heritage Resources," including but not limited to the Pony Express trail is stipulated to by the parties and hereby granted.  Defendants' motion, and this order in limine, does not pertain to any evidence or argument regarding any damage to habitat, the environment, trees, or claims related to "intangible" damages.

Defendants' *Motion in Limine* No. 13 to exclude all evidence or argument regarding any loss of the carbon-sequestration capacity of the forest as a result of the Freds Fire, including any alleged link between forest fires and global warming or green house gases is stipulated to by the parties and hereby granted.

Defendants' *Motion in Limine* No. 14 to exclude all evidence or argument regarding any potential damage or loss to the yellow-legged frog or its habitat as a result of the Freds Fire is stipulated to by the parties and hereby granted.

Defendants' *Motion in Limine* No. 15 to exclude all evidence or argument regarding any claim or alleged right of Plaintiff to recover any statutory or regulatory penalties against defendants for failing to pay claims presented by Plaintiff as a result of the fire is granted pursuant to the foregoing stipulations regarding prejudgment interest.

PDF created with pdfFactory trial version www.pdffactory.com

1   Defendants' *Motion in Limine* No. 16 to exclude all evidence or argument regarding any claim or alleged right of Plaintiff to recover prejudgment interest or regarding any loss by Plaintiff with respect to the time-value of income is granted pursuant to the foregoing stipulations regarding prejudgment interest.

Defendants' *Motion in Limine* No. 17 to exclude all evidence or argument regarding any claim or alleged right of Plaintiff to recover any multiplier on the value of trees is granted pursuant to the foregoing stipulation regarding California Civil Code section 3346.

Defendants' *Motion in Limine* No. 18 to exclude all evidence or argument regarding attorney time or fees incurred by any attorney in the prosecution or defense of this case is stipulated to by the parties and hereby granted.

Defendants' *Motion in Limine* No. 19 to exclude any evidence or argument regarding the fact that defense counsel is not from the Sacramento area is stipulated to by the parties and hereby granted. The parties further stipulate that all evidence or argument regarding the fact that any counsel is not from the Sacramento area shall be excluded.

DATED:                              CARLSON, CALLADINE & PETERSON LLP

                                    By: /s/ Randy W. Gimple
                                        RANDY W. GIMPLE
                                        A. DAVID BONA
                                    Attorneys for Defendant, DAVEY TREE SURGERY COMPANY

DATED:                              NIXON PEABODY LLP

                                    By: /s/ Robert M. Blum
                                        ROBERT M. BLUM
                                        Attorneys for Defendant,
                                    DAVEY TREE SURGERY COMPANY

DATED:                              BENJAMIN B. WAGNER
                                    United States Attorney

By:  /s/  Glen F. Dorgan
    GLEN F. DORGAN
    Attorneys for Plaintiff
    UNITED STATES OF AMERICA

DATED:

FERRIS & BRITTON,
A PROFESSIONAL CORPORATION

By:  /s/  Michael R. Weinstein
    MICHAEL R. WEINSTEIN
Attorneys for Defendant
PACIFIC GAS AND ELECTRIC COMPANY

IT IS SO ORDERED.

Dated:   August 29, 2011

/s/ John A. Mendez _____

HON. JOHN A. MENDEZ
U.S. DISTRICT COURT JUDGE

6

**CASE NO.: 2:09-CV-02868-JAM-JFM**

PDF created with pdfFactory trial version www.pdffactory.com